IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal No. 4:21-cr-054 |
| v. | ) ) | GOVERNMENT'S MOTION IN |
| JEFFREY ALLAN KOCK, | ) ) | LIMINE REGARDING DOCUMENTS SUBMITTED TO THE INTERNAL |
| Defendant. | ) ) | REVENUE SERVICE |

The United States of America, by and through its undersigned counsel, respectfully seeks leave to file this untimely motion in limine, based upon materials that defendant filed with the Court on Friday, September 2, 2021. These materials were attached to an untimely motion to dismiss (Court's Docket No. 65), and they were not disclosed to the government as reciprocal discovery, which had been requested.

Defendant's motion to dismiss includes documents captioned "Notice of Statement of Compliance with the IRC for year XXXX," for the years 2014-2018. These documents include defendant's self-serving claims that he has "checked the Internal Revenue Code" and that he has "found nothing that requires me to file an income tax return." He closes with a series of questions. Significantly, these documents do not contain any information relating to defendant's income, from which his income tax can be computed.

It appears that defendant mailed copies of these documents to the IRS Service Center in Kansas City, Missouri, at about the same time he filed his motion to dismiss.

These documents are not relevant to any material issue in the cause now before the Court and, therefore, they should be excluded. *See* Fed. R. Evid. 401-402. They are irrelevant for at least two reasons.

First, they are not "returns." As already pointed out, whether a document is a return is, in the Eighth Circuit, a question of law for the Court. *United States v. Grabinski*, 727 F.2d 681, 686 (8th Cir. 2984); *see also United States v. Upton*, 799 F.2d 432, 433 (8th Cir. 1984); *but see United States v. Goetz*, 746 F.2d 705, 707-09 (11th Cir. 1984). And it is settled that a document is not a return if it fails to include information relating to the taxpayer's income, from which a tax can be computed. *Grabinski*, 727 F.2d at 686; *United States v. Martson*, 517 F.2d 996, 1001 (8th Cir. 2008); *United States v. Daly*, 481 F.2d 28, 29 (8th Cir. 1973).

Second, even if these documents were somehow classified as "returns," there are significantly untimely. The most recent return at issue (for 2018) was due April 15, 2019. (*See* Indictment, Count 5.)

In the alternative, should the Court permit defendant to present these documents to the jury, the jury should be given the following instruction, which is taken from *United States v. Saussy*, 802 F.2d 849, 854 (6th Cir. 1986) (cleaned up):

> A document which does not contain sufficient information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code and the

Regulations thereunder.  Whether any document submitted by the defendant constitutes a tax return is a matter for the jury to decide.

WHEREFORE defendant should not be permitted to offer into evidence the above-described documents.

                                              Respectfully Submitted,

                                              Richard D. Westphal
                                              Acting United States Attorney

By:    */s/ Andrew H. Kahl*
        Andrew H. Kah.
        Assistant U.S. Attorney
        United States Courthouse Annex
        110 East Court Avenue, Suite 286
        Des Moines, Iowa 50309-2053
        Tel: (515) 473-9300
        Fax: (515) 473-9298
        Email: Andrew.kahl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2021, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

__X__U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing _____Other means

UNITED STATES ATTORNEY

By: */s/ Carla Ralph*
      Paralegal Specialist