IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Criminal No. 4:21-cr-054 |
| v. | ) | |
| | ) | |
| JEFFREY ALLAN KOCK, | ) | MEMORANDUM |
| | ) | OF LAW |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through its undersigned counsel, respectfully submits this Memorandum of Law, for the purpose of discouraging the Court from effectively empaneling an anonymous jury. As undersigned counsel understands it, the Court expects to redact certain identifying information from the juror questionnaires before providing them to the parties, and that the potential jurors will be identified only by number and initials. On this record, the United States has concerns about completely shielding the identity of the potential jurors.

1.      The empanelment of an anonymous jury is a "drastic measure," which should be used only as "a device of last resort." *United States v. Sanchez*, 74 F.3d 562, 564 (5th Cir. 1996) (citation omitted). This decision cannot be based upon "mere allegations or inferences of potential risk." *Id.* at 564, 565 (citation omitted). In *Sanchez*, for example, the district court erred by impaneling an anonymous jury in part based on concerns about the nature of the charge, a civil rights prosecution against a police officer. *Id.* at 564-65.

2. Consistent with other circuits, the Eighth Circuit has declared that empanelment of an anonymous jury requires "strong reason to believe that the jury needs protection." *United States v. Darden*, 70 F.3d 1507, 1532 (8th Cir. 1995) (citation omitted). Even then, the court also must take "reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." *Id.* (citation omitted); *see also United States v. Thomas*, 757 F.2d 1359, 1365 (2d Cir. 1985).

3. Put another way, empanelment of an anonymous jury is "an unusual measure," and "it must be plainly warranted by the particular situation presented." *United States v. Dinkins*, 691 F.3d 358, 372 (4th Cir. 2012) (citation omitted) (district court empaneled anonymous jury largely because case involved murder of government witnesses).

4. Like many federal courts, the Eighth Circuit considers five factors – taken from the *United States v. Ross*, 33 F.3d 1507, 1520 (11th Cir. 1994) – none of which are remotely implicated in this case. Specifically, there is no indication of any involvement by the defendant in organized crime; no indication of any participation by the defendant "in a group with the capacity to harm jurors"; no indication of any "past attempts to interfere with the judicial process"; little potential that the defendant faces a "lengthy incarceration," such as a life sentence, should he be convicted; and no suggestion that this case has inspired "extensive publicity." *Darden*, 70 F.3d at 1532 (quoting *Ross*, 33 F.3d at 1520); *see also Dinkins*, 691 F.3d at 373.

WHEREFORE the United States respectfully submits that the Court should disclose the identities of the potential jurors to the parties and not, in effect, empanel an anonymous jury.

Respectfully submitted,

Richard D. Westphal
Acting United States Attorney

By:    /s/ Andrew H. Kahl
Andrew H. Kahl
Assistant United States Attorney

U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa  50309
Tel:  (515) 473-9300
Fax:  (515) 473-9292
Email:  Andrew.Kahl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

__X__U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing _____Other means

UNITED STATES ATTORNEY

By: _/s/ Dawn Thomas_____
Paralegal Specialist