IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 4:21-cr-00054-RGE-SHL |
| v. | |
| JEFFREY ALLAN KOCK, | ORDER RE: GOVERNMENT'S MOTIONS IN LIMINE |
| Defendant. | |

## I.    INTRODUCTION

A grand jury in the Southern District of Iowa returned a indictment charging Defendant Jeffrey Allan Kock with thirteen counts: failure to file tax returns for calendar years 2014–2018, in violation of 26 U.S.C. § 7203 (Counts 1–5); false claim for calendar years 2018–2019, in violation of 18 U.S.C. § 287 (Counts 6–7); wire fraud, in violation of 18 U.S.C. § 1343 (Count 8); mail fraud, in violation of 18 U.S.C. § 1341 (Count 9); money laundering, in violation of 18 U.S.C. § 1957 (Counts 10–12); and concealment of an asset, in violation of 18 U.S.C. § 2232(a) (Count 13). Redacted Indictment, ECF No. 2. Now before the Court are the Government's motions in limine filed in anticipation of trial. *See* Gov't's Mot. Lim. Re: Extrinsic Evid., ECF No. 58; Gov't's Mot. Lim Re: Victim Negligence, ECF No. 59; Gov't's Mot. Lim. Re: Docs. Submitted to I.R.S., ECF No. 69. These matters were addressed at the final pretrial conference on September 24, 2021. *See* Final Pretrial Conference Hr'g Mins., ECF No. 86. This order memorializes the oral rulings made at the final pretrial conference.

## II.    LEGAL STANDARD

"A district court has broad discretion when deciding whether to admit evidence," and its decision will not be disturbed "absent a clear and prejudicial abuse of that discretion." *Black v.*

*Shultz,* 530 F.3d 702, 707 (8th Cir. 2008) (quoting *Hoselton v. Metz Baking Co.*, 48 F.3d 1056, 1059 (8th Cir. 1995)). Evidence may be admitted if it is relevant. Fed. R. Evid. 402. Relevant evidence is any evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. But relevant evidence may not be admitted if it is barred by rule, statute, or the United States Constitution. Fed. R. Evid. 402. Relevant evidence may be excluded if its probative value is "substantially outweighed" by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III.    DISCUSSION

The Government filed three motions in limine. ECF No. 58; ECF No. 59; ECF No. 69. Kock did not file a written resistance to the Government's motions. At the hearing, Kock stated he resists the Government's motions. The Court addresses each motion in turn. For the reasons set for below, the Court grants the Government's motions.

#### A.    Government's Motion in Limine Regarding Extrinsic Evidence of the Law

The Government moves to preclude Kock from presenting documents which reference provisions of the United States Code that are unrelated to the criminal charges at issue in this case. ECF No. 58 ¶¶ 1–2. In support of its motion, the Government points to documents Kock has filed in this matter wherein he references statutes governing commercial obligations. *Id.* ¶ 1 (citing Def.'s Pro Se Notice, ECF No. 53; Def.'s Pro Se Mot., ECF No. 24).

Evidence regarding laws that are not at issue in this case do not make a fact in consequence to Kock's charges more or less probable. Fed. R. Evid. 401. Thus, such evidence is irrelevant and inadmissible. Fed. R. Evid. 402. Additionally, any attempt by Kock to introduce evidence on the law necessarily interferes with the Court's prerogative to instruct the jury on the law. *See United States v. Hill,* 167 F.3d 1055, 1069 (6th Cir. 1999) ("[I]t is within the sole province of the court to

determine the applicable law and to instruct the jury as to that law." (quoting *In re Air Crash Disaster*, 86 F.3d 998, 523 (6th Cir. 1996))); *United States v. Willie*, 941 F.2d 1384, 1396 (10th Cir. 1991) ("Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be.").

The Court recognizes a defendant may present evidence of his or her own good faith, subjective misunderstanding of the requirements of the law when charged with a tax crime under Title 26 of the United States Code. *See United States v. Giambalvo*, 810 F.3d 1086, 1094–95 (8th Cir. 2016). Here, Kock is charged with a tax crime under Counts 1–5. None of the legal authorities Kock references in his various filings appear related to a good faith defense. *See* ECF No. 24; ECF No. 53. Without any specific information about evidence Kock intends to introduce, the Court cannot rule in the abstract on evidence regarding a good faith defense to Counts 1–5. The Court will rule on such evidence as it arises at trial.

Evidence as to laws unrelated to the crimes charged here is inadmissible. The Court grants the Government's motion in limine.

### B.   Government's Motion in Limine Regarding Victim Negligence

The Government moves to preclude any argument, questions, or testimony suggesting that the Internal Revenue Service should have been more diligent in detecting Kock's fraud. ECF No. 59.

Generally, "a fraud victim's negligence or lack of diligence in uncovering the fraud is not a defense." *United States v. Hoffecker*, 530 F.3d 137, 177 (3d Cir. 2008) (internal quotation marks omitted) (quoting *United States v. Rennert*, 374 F.3d 206, 213 (3d Cir. 2004)); *see also United States v. Lindsey*, 850 F.3d 1009, 1014–15 (9th Cir. 2017). Kock is charged with making fraudulent claims for refunds to the Internal Revenue Service in 2018 and 2019. ECF No. 2 at 6–7. Because Kock cannot rely on a victim's actions in detecting fraud as a defense to the charges

against him, the Internal Revenue Service's diligence in fraud detection here does not make a fact in consequence to Kock's fraudulent claims more or less probable. Fed. R. Evid. 401. As such, evidence or argument regarding the Internal Revenue Service's diligence in detecting Kock's alleged fraudulent claims is in admissible. Fed. R. Evid. 402. The Court grants the Government's motion in limine.

C. **Government's Motion in Limine Regarding Documents Submitted to the Internal Revenue Service**

The Government moves to preclude Kock from introducing as evidence documents he attached to his untimely motion to dismiss. ECF No. 69; *see also* Def.'s Mot. Dismiss, ECF No. 65; Def.'s Exs. Supp. Mot. Dismiss, ECF No. 65-1. The documents at issue are titled "Notice of Statement of Compliance with the IRC" for each year from 2014 through 2018—the years at issue in Kock's failure to file charges in Counts 1–5. ECF No. 65-1. In the documents, Kock claims he has "checked the Internal Revenue Code" and that he has "found nothing that requires [him] to file an income tax return." *See id.* at 1, 5, 9, 13, 18. Following the statement as to each year, Kock includes some portion of the instructions for filing an income tax return using a Form 1040. *See id.* at 3–4, 7–8, 11–12, 15–16, 19–20.

Kock contends his statements are "submitted as part of" his tax returns. *See id.* at 1. At the hearing, Kock represented he sent the statements to the Internal Revenue Service in September 2021. Kock's self-serving statements regarding his interpretation of the Internal Revenue Code sent to the Internal Revenue Service in September 2021, do not make a fact in consequence to his alleged failure to file income tax returns for 2014 through 2018 more or less probable. Fed. R. Evid. 401. As such, the documents attached to Kock's motion to dismiss are irrelevant and inadmissible. Fed. R. Evid. 402. To the extent the documents containing Kock's self-serving statements are relevant, the probative value is substantially outweighed by the risk of confusing

the issues. Fed. R. Evid. 403. The Court grants the Government's motion in limine.

## IV.    CONCLUSION

The Court expects the parties to comport themselves consistent with the limitations set forth in this Order, and to advise their witnesses of the limitations set forth in this Order. The Court further expects parties to object at trial to evidence they believe is inadmissible or offered in violation of this Order.

**IT IS ORDERED** that the Government's Motion in Limine Regarding Extrinsic Evidence of the Law, ECF No. 58, is **GRANTED.**

**IT IS FURTHER ORDERED** that the Government's Motion in Limine Regarding Victim Negligence, ECF No. 59, is **GRANTED.**

**IT IS FURTHER ORDERED** that the Government's Motion in Limine Regarding Documents Submitted to the Internal Revenue Service, ECF No. 69, is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 24th day of September, 2021.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE