IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY ALLAN KOCK,<br><br>    Defendant. | No. 4:21-cr-00054-RGE-SHL<br><br><br>**PRELIMINARY<br>JURY INSTRUCTIONS** |

## PRELIMINARY INSTRUCTION 1

## INTRODUCTION / DUTY OF THE JURY / BURDEN OF PROOF

Members of the jury: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

This is a criminal case, brought against the Defendant Jeffrey Allan Kock by the United States Government. The Defendant is charged with thirteen counts: failure to file tax returns for calendar years 2014–2018 (Counts 1–5); false claims for calendar years 2018–2019 (Counts 6–7); wire fraud (Count 8); mail fraud (Count 9); money laundering (Counts 10–12); and concealment of an asset (Count 13). Those charges are set forth in the Indictment. You should understand that an indictment is simply an accusation. It is not evidence of anything. The Defendant has pleaded not guilty to all charges against him, and he is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the Defendant is guilty or not guilty of the crimes of failure to file tax returns for calendar years 2014–2018 as charged in Counts 1 through 5 of the Indictment; false claims for calendar years 2018–2019 as charged in Counts 6 through 7 of the Indictment; wire fraud as charged in Count 8 of the Indictment; mail fraud as charged in Count 9 of the

2

Indictment; money laundering as charged in Counts 10 through 12 of the Indictment; and concealment of an asset as charged in Count 13 of the Indictment. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdicts. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you just verdicts, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdicts should be.

Finally, please remember only Jeffrey Allan Kock, not anyone else, is on trial here, and Jeffrey Allan Kock is on trial only for the crimes charged in the Indictment, not for anything else.

# PRELIMINARY INSTRUCTION 2

# DEFENDANT'S SELF-REPRESENTATION

Jeffrey Allan Kock has decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. This decision must not affect your consideration and your decision whether or not he is guilty or not guilty. Because Jeffrey Allan Kock has decided to act as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument. He may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when Jeffrey Allan Kock speaks in these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Although the defendant has chosen to represent himself, the Court has appointed Attorney Mackenzie Nash to assist him as standby counsel. This is a standard procedure. Ms. Nash may confer with the Defendant and make statements to the Court, as needed. Just as when the Defendant speaks in this way during the trial, when Ms. Nash speaks in the trial, her words are not evidence.

# PRELIMINARY INSTRUCTION 3

# ELEMENTS OF THE OFFENSE—PRELIMINARY

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes of failure to file tax returns for calendar years 2014–2018 (Counts 1–5); false claims for calendar years 2018–2019 (Counts 6–7); wire fraud (Count 8); mail fraud (Count 9); money laundering (Counts 10–12); and concealment of an asset (Count 13), which the Government must prove beyond a reasonable doubt to make its case as to each crime charged:

## Counts 1–5: Failure to File Tax Return

The crime of failure to file a tax return as charged in Counts 1 through 5 of the Indictment has three elements, which are:

*One,* the Defendant was required to file a federal income tax return for the applicable calendar year;

*Two,* the Defendant knew that he was required to file such a tax return that year; and

*Three,* the Defendant willfully failed to file the required tax return on or before the time required by law, as follows: April 15, 2015—2014 return (Count 1); April 18, 2016—2015 return (Count 2); April 18, 2017—2016 return (Count 3); April 17, 2018—2017 return (Count 4); and April 15, 2019—2018 return (Count 5).

5

To act "willfully" means to voluntarily and intentionally violate a known legal duty.

A single person under sixty-five years old was required to file a federal income tax return for the following years, if he had gross income in excess of the amounts listed below:

| | |
|------|----------|
| 2014 | $10,150 |
| 2015 | $10,300 |
| 2016 | $10,350 |
| 2017 | $10,400 |
| 2018 | $12,000 |

Gross income includes compensation for services, including fees, commissions, wages, and similar items.

The fact that a person may be entitled to deductions from income in sufficient amount so that no tax is due does not affect that person's obligation to file.

The government is not required to show that a tax was due and owing or that the Defendant intended to evade or defeat the payment of taxes, only that he willfully failed to file a return.

If you find beyond a reasonable doubt that the Defendant had the required gross income in the relevant calendar year, then the Defendant was required to file a tax return on or before the corresponding date listed above.

If you find these three elements unanimously and beyond a reasonable doubt as to the count you are considering, then you must find the Defendant guilty of the crime of failure to file a tax return as charged in that count of the Indictment. Otherwise, you must find the Defendant not guilty of that particular count.

### Counts 6–7: Making a False Claim Against the United States

The crime of making a false, fictitious, or fraudulent claim against the United States, as charged in Counts 6 and 7 of the Indictment, has four elements, which are:

*One,* on or about the date alleged, the Defendant made or presented to the Internal Revenue Service a claim against the United States;

*Two,* the claim was false, fictitious, or fraudulent;

*Three,* the Defendant knew the claim was false, fictitious, or fraudulent; and

*Four,* the false, fictitious, or fraudulent matter was material to the Internal Revenue Service.

A claim is "false" or "fictitious" if any part of it is untrue when made, and then known to be untrue by the person making it or causing it to be made. A claim is "fraudulent" if any part of it is known to be untrue, and made or caused to be made with the intent to deceive the governmental agency to which it was submitted.

A claim is "material" if it has a natural tendency to influence, or is capable of influencing the Internal Revenue Service. However, whether a claim is "material" does not depend on whether the Internal Revenue Service was actually deceived.

7

If you find these four elements unanimously and beyond a reasonable doubt as to the count you are considering, then you must find the Defendant guilty of the crime of making a false, fictitious, or fraudulent claim against the United States, as charged in that count of the Indictment. Otherwise, you must find the Defendant not guilty of that count.

## Count 8: Wire Fraud

The crime of wire fraud, as charged in Count 8 of the Indictment, has three elements, which are:

*One,* on or about November 23, 2019, the Defendant voluntarily and intentionally devised or made up a scheme to defraud another out of money, or participated in a scheme to defraud with knowledge of its fraudulent nature, by means of materially false pretenses and representations;

*Two,* the Defendant did so with the intent to defraud; and

*Three,* the Defendant used, or caused to be used, an interstate wire communication, that is, the electronic submission of a tax return, in furtherance of, or in an attempt to carry out, some essential step in the scheme.

A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party.

If you find these three elements unanimously and beyond a reasonable doubt, then you must find the Defendant guilty of the crime of wire fraud as charged in Count 8 of the Indictment; otherwise, you must find the Defendant not guilty of this crime.

### Count 9: Mail Fraud

The crime of mail fraud, as charged in Count 9 of the Indictment, has three elements, which are:

*One,* on or about January 16, 2020, the Defendant voluntarily and intentionally devised or made up a scheme to defraud another out of money, or participated in a scheme to defraud with knowledge of its fraudulent nature, by means of material false representations;

*Two,* the Defendant did so with the intent to defraud; and

*Three,* the Defendant used, or caused to be used, the mail in furtherance of, or in an attempt to carry out, some essential step in the scheme.

A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

A representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party.

It is not necessary that the use of the mail by the Defendant be contemplated or that the Defendant do any actual mailing or specifically intend that the mail be used. It is sufficient if the mail was in fact used to carry out the scheme and the use of the mail by someone was reasonably foreseeable to the Defendant.

If you find these three elements unanimously and beyond a reasonable doubt, then you must find the Defendant guilty of the crime of mail fraud as charged in Count 9 of the Indictment; otherwise, you must find the Defendant not guilty of this crime.

### Counts 10–12: Money Laundering

The crime of money laundering, as charged in Counts 10 through 12 of the Indictment, has five elements, which are:

*One,* the Defendant knowingly engaged in a monetary transaction or attempted to engage in a monetary transaction by causing a check to

be issued and negotiated from an account at Bankers Trust on or about the date alleged in the applicable count;

*Two,* the monetary transaction was of a value greater than $10,000 derived from wire fraud and/or mail fraud as defined in these instructions;

*Three,* the Defendant knew that the monetary transaction involved proceeds of a criminal offense;

*Four,* the monetary transaction took place in the United States; and

*Five,* the monetary transaction in some way or degree affected interstate commerce.

The term "monetary transaction" includes the deposit, withdrawal, transfer, or exchange of funds or monetary instrument by, through, or to a financial institution. Checks, including both personal and bank checks, are "monetary instruments." The term "financial institution" includes a bank insured by the Federal Deposit Insurance Corporation (FDIC).

If you find these five elements unanimously and beyond a reasonable doubt as to the count you are considering, then you must find the Defendant guilty of the crime of money laundering as charged in that count of the Indictment; otherwise, you must find the Defendant not guilty of this crime.

### Count 13: Concealment of an Asset

The crime of concealing an asset, as charged in Count 13 of the Indictment, has two elements, which are:

11

*One,* from on or about June 18, 2020, and continuing until on or about September 14, 2020, the Defendant knowingly took some action to prevent and impair the Government's lawful authority to take a 2020 Mercedes Benz E63 sedan titled in the name of the Jeffrey Allan Kock Trust into its custody; and

*Two,* the Government's seizure of the vehicle was by a person authorized to make the seizure.

If you find these two elements unanimously and beyond a reasonable doubt, then you must find the Defendant guilty of the crime of concealing an asset as charged in Count 13 of the Indictment; otherwise, you must find the Defendant not guilty of this crime.

You should understand, however, that what I have just given you is only a preliminary outline of the elements of each count. At the end of the trial I will give you final instructions on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

# PRELIMINARY INSTRUCTION 4

## EVIDENCE

I have mentioned the word "evidence." Evidence includes the testimony of witnesses and documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1.     Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.     Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.     Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.     Anything you see or hear about this case outside the courtroom is not evidence unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

# PRELIMINARY INSTRUCTION 5

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

# PRELIMINARY INSTRUCTION 6

## REASONABLE DOUBT

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

# PRELIMINARY INSTRUCTION 7

## NO TRANSCRIPT AVAILABLE

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

# PRELIMINARY INSTRUCTION 8

# CONFERENCES AND RECESSES

During the trial it may be necessary for me to talk with the parties out of the hearing of the jury, either by having a conference here while the jury is present in the courtroom utilizing white noise and headsets, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

# PRELIMINARY INSTRUCTION 9

# CONDUCT OF THE JURY

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdicts.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and I have accepted your verdicts. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, it is because they are not supposed to talk to or visit with you.

19

*Fifth,* it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdicts or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdicts by their opinions. That would not be fair to the parties and it may result in the verdicts being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face; use any electronic device, such as a phone, tablet, or computer; use any media, such as any text or instant messaging service, any app or website, such as Facebook, Instagram, Snapchat, YouTube, WhatsApp, Tik-Tok, or Twitter; or use any other way to communicate to anyone any information about this case until I accept your verdicts.

*Sixth,* do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not

visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about the law or the people involved in this case, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles about the case, or about anyone involved with it, in print, on the Internet, or in any blog. Do not listen to any radio or television reports about the case or about anyone involved with it. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return just verdicts.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdicts may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so.

*Eighth*, do not make up your mind during the trial about what the verdicts should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, you must comply with the Court's instructions on COVID-19 precautions throughout the trial. That will include wearing a mask or face shield, having your temperature taken daily, and maintaining appropriate spacing between yourself and other trial participants. We have implemented these procedures to address concerns about mitigating the potential threat of the transmission of COVID-19. We appreciate your conscientious efforts—both inside and outside of the courthouse—to reduce your risk of infection.

22

# PRELIMINARY INSTRUCTION 10

## OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the Government will make an opening statement. Next, the Defendant may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the party expects the evidence to be.

The Government will then present its evidence and the Defendant may cross-examine the Government's witnesses. Following the Government's case, the Defendant may, but does not have to present evidence, testify, or call other witnesses. If the Defendant calls witnesses, the Government may cross-examine them.

After presentation of evidence is completed, I will instruct you further on the law. After that, the parties will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. Then you will retire to deliberate on your verdicts.

September 27, 2021
1:23pm
_____
DATE

_____
REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

23