IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY ALLAN KOCK, <br><br> Defendant. | No. 4:21-cr-00054-RGE-SHL <br><br> **FINAL <br> JURY INSTRUCTIONS** |

# FINAL INSTRUCTION NO. 1

## INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of the trial are not repeated here.

The instructions I am about to give you now as well as some of those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my oral instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

# FINAL INSTRUCTION NO. 2

## DEFENDANT'S SELF-REPRESENTATION

Jeffrey Allan Kock has decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. This decision must not affect your consideration and your decision whether or not he is guilty or not guilty. Because Jeffrey Allan Kock has decided to act as his own lawyer, you heard him speak at various times during the trial. He made an opening statement and ~~will~~ make closing argument. He asked questions of witnesses, made objections, and argued legal issues to the court. I want to remind you that when Jeffrey Allan Kock spoke in these parts of the trial, he was acting as a lawyer in the case, and his words were not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Although Jeffrey Allan Kock has chosen to represent himself, the Court has appointed Attorney Mackenzi Nash to assist him as standby counsel. This is a standard procedure. When Ms. Nash spoke during the trial, her words were not evidence.

3

## FINAL INSTRUCTION NO. 3

## DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

# FINAL INSTRUCTION NO. 4

# EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses and the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1.    Statements, arguments, questions and comments by the lawyers and the Defendant are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

2.    Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.    Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.    Anything you saw or heard about this case outside the courtroom is not evidence.

5

# FINAL INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## FINAL INSTRUCTION NO. 6

## DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF

The Indictment in this case charges the Defendant with failure to file individual income tax returns for the calendar years 2014–2018 (Counts 1–5); making false claims against the United States (Counts 6 and 7); wire fraud (Count 8); mail fraud (Count 9); money laundering (Counts 10–12); and the concealment of an asset (Count 13). The Defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the Defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the Defendant to be innocent. Thus, the Defendant began the trial with a clean slate with no evidence against him.

The presumption of innocence alone is sufficient to find the Defendant not guilty and can be overcome only if the Government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon the Defendant to prove that he is innocent. Instead, the burden of proof remains on the Government throughout the trial. Accordingly,

the fact that the Defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.

## FINAL INSTRUCTION NO. 7

## REASONABLE DOUBT

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

# FINAL INSTRUCTION NO. 8

## DEFINITION OF "ON OR ABOUT"

The Indictment charges that the alleged offenses were committed "on or about" certain dates.

Although it is necessary for the Government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the Government to prove that the offenses were committed precisely on the dates charged.

## FINAL INSTRUCTION NO. 9

## ELEMENTS OF THE OFFENSE: COUNTS 1–5

The crime of failure to file a tax return as charged in Counts 1–5 of the Indictment has three elements, which are:

*One,* the Defendant was required to file a federal income tax return for the applicable calendar year;

*Two,* the Defendant knew that he was required to file such a tax return that year; and

*Three,* the Defendant willfully failed to file the required tax return on or before the time required by law, as follows: April 15, 2015—2014 return (Count 1); April 18, 2016—2015 return (Count 2); April 18, 2017—2016 return (Count 3); April 17, 2018—2017 return (Count 4); and April 15, 2019—2018 return (Count 5).

To act "willfully" means to voluntarily and intentionally violate a known legal duty.

A single person under sixty-five years old was required to file a federal income tax return for the following years, if he had gross income in excess of the amounts listed below:

| | |
|---|---|
| 2014 | $10,150 |
| 2015 | $10,300 |
| 2016 | $10,350 |

11

| 2017 | $10,400 |
| 2018 | $12,000 |

Gross income includes compensation for services, including fees, commissions, wages, and similar items.

The fact that a person may be entitled to deductions from income in sufficient amount so that no tax is due does not affect that person's obligation to file.

The Government is not required to show that a tax was due or owing or that the Defendant intended to evade or defeat the payment of taxes, only that he willfully failed to file a return.

If you find beyond a reasonable doubt that the Defendant had the required gross income for the relevant calendar year, then the Defendant was required to file a tax return on or before the corresponding date listed above.

If all of these elements have been proved beyond a reasonable doubt as to the count you are considering, then you must find the Defendant guilty of the crime of failure to file a tax return as charged in that count of the Indictment; otherwise, you must find the Defendant not guilty of that particular count.

# FINAL INSTRUCTION NO. 10

## ELEMENTS OF THE OFFENSE: COUNTS 6 AND 7

The crime of making a false, fictitious, or fraudulent claim against the United States, as charged in Counts 6 and 7 of the Indictment, has four elements, which are:

*One,* on or about November 23, 2019 (Count 6), and on or about January 16, 2020 (Count 7), the Defendant made or presented to the Internal Revenue Service a claim against the United States;

*Two,* the claim was false, fictitious, or fraudulent;

*Three,* the Defendant knew the claim was false, fictitious, or fraudulent; and

*Four,* the false, fictitious, or fraudulent matter was material to the Internal Revenue Service.

A claim is "false" or "fictitious" if any part of it is untrue when made, and then known to be untrue by the person making it or causing it to be made. A claim is "fraudulent" if any part of it is known to be untrue, and made or caused to be made with the intent to deceive the governmental agency to which it is submitted.

A claim is "material" if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service. However, whether a claim is "material" does not depend upon whether the Internal Revenue Service was actually deceived. Nor, by the same token, is it relevant that the Internal Revenue Service failed to detect the fraudulent nature of the claim.

14

Submission of a tax return requesting a refund is a "claim" against the United States.

If all of these elements have been proved beyond a reasonable doubt as to the count you are considering, then you must find the Defendant guilty of the crime charged under that count; otherwise, you must find the Defendant not guilty of that count.

# FINAL INSTRUCTION NO. 11

## ELEMENTS OF THE OFFENSE: COUNT 8

The crime of wire fraud, as charged in Count 8 of the Indictment, has three elements, which are:

*One*, on or about November 23, 2019, the Defendant voluntarily and intentionally devised or made up a scheme to defraud another out of money, or participated in a scheme to defraud with knowledge of its fraudulent nature, by means of materially false pretenses and representations;

*Two*, the Defendant did so with the intent to defraud; and

*Three*, the Defendant used, or caused to be used, an interstate wire communication, that is, the electronic submission of a tax return, in furtherance of, or in an attempt to carry out, some essential step in the scheme.

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged in Count 8 of the Indictment; otherwise you must find the Defendant not guilty of this crime.

# FINAL INSTRUCTION NO. 12

## ELEMENTS OF THE OFFENSE: COUNT 9

The crime of mail fraud, as charged in Count 9 of the Indictment, has three elements, which are:

*One,*  on or about January 16, 2020, the Defendant voluntarily and intentionally devised or made up a scheme to defraud another out of money, or participated in a scheme to defraud with knowledge of its fraudulent nature, by means of materially false pretenses and representations;

*Two,*  the Defendant did so with the intent to defraud; and

*Three,* the Defendant used, or caused to be used, the mail in furtherance of, or in an attempt to carry out, some essential step in the scheme.

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged in Count 9 of the Indictment; otherwise you must find the Defendant not guilty of this crime.

16

## FINAL INSTRUCTION NO. 13

## COUNTS 8 AND 9: ADDITIONAL INSTRUCTIONS

For purposes of Count 8 (wire fraud) and Count 9 (mail fraud), I give you these additional instructions.

The phrase "scheme to defraud" includes any plan or course of action intended to deceive or cheat another out of money by employing material falsehoods, concealing material facts, or omitting material facts. It also means the obtaining of money from another by means of material false representations or promises. A scheme to defraud need not be fraudulent on its face but must include some sort of fraudulent misrepresentation or promise reasonably calculated to deceive a reasonable person.

A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

A falsehood is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party. With respect to false statements, the Defendant must have known the

17

statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

It is not relevant, and not a defense, that the Internal Revenue Service failed to detect the fraudulent nature of the scheme, nor is it relevant that the Internal Revenue Service might have acted with greater diligence.

## FINAL INSTRUCTION NO. 14

## ELEMENTS OF THE OFFENSE: COUNTS 10–12

The crime of money laundering, as charged in Counts 10–12 of the Indictment, has five elements, which are:

*One,* the Defendant knowingly engaged in a monetary transaction or attempted to engage in a monetary transaction by causing a check to be issued and negotiated from an account at Bankers Trust on or about:

| Count | Date | Monetary Transaction |
|---|---|---|
| 10 | March 3, 2020 | Cashier's check in the amount of $146,271.80 for the purchase of a 2020 Mercedes Benz E63 sedan |
| 11 | March 3, 2020 | Cashier's check in the amount of $122,556.05 for the purchase of a 2017 Mercedes Benz G63 SUV |
| 12 | March 4, 2020 | Cashier's check in the amount of $117,581.70 for the purchase of a 2019 Mercedes Benz SL450 coupe |

*Two,* the monetary transaction was of a value greater than $10,000 derived from wire fraud and/or mail fraud as defined in these instructions;

*Three,* the Defendant knew that the monetary transaction involved proceeds of a criminal offense;

*Four,* the monetary transaction took place in the United States; and

19

*Five,* the monetary transaction in some way or degree affected interstate commerce.

The crime charged in Counts 10–12 of the Indictment includes an alternative of attempt to engage in a monetary transaction by causing a check to be issued and negotiated from an account at Bankers Trust. A person may be found guilty of an attempt if he intended to engage in such monetary transaction and voluntarily and intentionally carried out some act which was a substantial step toward that monetary transaction.

The term "monetary transaction" includes the deposit, withdrawal, transfer, or exchange of funds or monetary instrument by, through, or to a financial institution. Checks, including both personal and bank checks, are "monetary instruments." The term "financial institution" includes a bank insured by the Federal Deposit Insurance Corporation (FDIC).

If all of these elements have been proved beyond a reasonable doubt as to the count you are considering, then you must find the Defendant guilty of the crime charged under that count of the Indictment; otherwise, you must find the Defendant not guilty of that count.

# FINAL INSTRUCTION NO. 15

## ELEMENTS OF THE OFFENSE: COUNT 13

The crime of concealing an asset as charged in Count 13 of the Indictment has two elements, which are:

*One,*    from on or about June 18, 2020, the Defendant knowingly took some action to prevent or impair the Government's lawful authority to take a 2020 Mercedes Benz E63 sedan titled in the name of the Jeffrey Allan Kock Trust into its custody; and

*Two,*    the Government's seizure of the vehicle was by a person authorized to make the seizure.

If both of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged in Count 13 of the Indictment; otherwise you must find the Defendant not guilty of this crime.

# FINAL INSTRUCTION NO. 16

## WILLFULNESS AND KNOWLEDGE

With respect to Counts 1–5, the Government is required to prove that Defendant willfully failed to file income tax returns for the years in question. Willfulness means the voluntary, intentional violation of a known legal duty. In other words, the Government must establish that the Defendant knew he was required by law to file income tax returns and deliberately failed to comply with that requirement. It is not a defense, however, that the Defendant disagreed with the tax laws, provided that the Government otherwise establishes that the Defendant understood the requirement to file income tax returns.

With respect to Counts 6–13, the Government is not required to prove that the Defendant knew that his acts or omissions were unlawful, but the Government is required to prove that the Defendant acted knowingly. An act is done knowingly if the Defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

# FINAL INSTRUCTION NO. 17

## PROOF OF INTENT OR KNOWLEDGE

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the Defendant, and all the facts and circumstances in evidence which may aid in the determination of the Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

24

# FINAL INSTRUCTION NO. 18

## VENUE

The Government must also prove it is more likely true than not true that the offenses charged were begun, continued, or completed in the Southern District of Iowa, which includes both Polk County and Dallas County. You decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case.

# FINAL INSTRUCTION NO. 19

## ELECTION OF A FOREPERSON; DUTY TO DELIBERATE

In conducting your deliberations and returning your verdicts, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because each verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the Defendant is found guilty of any crime, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions. The verdicts whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdicts should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

September 29, 2021

DATE    10:48 am

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

26