IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 4:21-cr-054 |
| v. | ) | |
| | ) | RESISTANCE TO |
| JEFFREY ALLAN KOCK, | ) | DEFENDANT'S MOTION |
| | ) | FOR A JUDGMENT OF |
| Defendant. | ) | ACQUITTAL OR FOR A |
| | ) | NEW TRIAL |

The United States, by and through its undersigned counsel, respectfully files its resistance to defendant's motion for a judgment of acquittal or for a new trial. (Court's Docket No. 122.)

Defendant was convicted of thirteen counts, following a three-day jury trial with twenty witnesses and numerous documents entered into evidence. (*See* Court's Docket Nos. 100, 105.) The thirteen counts involved several statutes, each with its own elements: 26 U.S.C. § 7203 (failure to file), 18 U.S.C. § 287 (false claims), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1957 (money laundering), and 18 U.S.C. § 2232(a) (concealment of an asset). The jury was thoroughly instructed on the elements of each of these offenses. (*See* Court's Docket No. 104.)

In considering a motion for a judgment of acquittal, Fed. R. Crim. P. 29, the Court considers well-established principles:

> It is required to view the evidence in the light most favorable to the verdict, giving the prosecution the benefit of all inferences reasonably to be drawn in its favor from the evidence. The verdict may be based in whole or in part on circumstantial evidence. The evidence need not

> exclude every reasonable hypothesis except that of guilt; it is sufficient if there is substantial evidence justifying an inference of guilt as found irrespective of any countervailing testimony that may have been introduced.

*United States v. Lincoln*, 630 F.2d 1313, 1316-17 (8th Cir. 1980); *see also United States v. Peters*, 462 F.3d 953 957 (8th Cir. 2006) (also observing that court "must uphold the jury's verdict even where the evidence rationally supports two conflicting hypotheses of guilt or innocence," cleaned up).  Thus, the jury's verdict is not to be "overturned lightly;" the motion must be denied provided that a "reasonable minded jury" could have found guilt beyond a reasonable doubt. *United States v. Boesen*, 491 F.3d 852, 855-56 (8th Cir. 2007) (citations omitted).

Motions for new trial based on the weight of the evidence, *see* Fed. R. Crim. P. 33, are disfavored. *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002).  The Court "should grant a new trial only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *Peters*, 462 F.3d at 957 (cleaned up).  The district court's authority under Rule 33 should be exercised "sparingly and with caution." *Campos*, 306 F.3d at 579 (quoting *Lincoln*, 630 F.2d at 1319).

Here, defendant's motion cites the applicable rules and standards, but he does not explain why the proof against him failed or how the evidence could have weighed heavily against the verdict.  The government will, however, briefly rehearse some of the evidence that supports the jury's decision.

Under Counts 1-5, the evidence established that defendant worked mostly in the local restaurant industry during the years 2014-2018; that he received sufficient

2

income to require the filing of an income tax return; and that he did not file returns for any of the years in question.  (*See* Govt. Exh. 223, 601, 602.)  Evidence such as defendant's filing of returns in the past, and his pattern of non-filing, supported the government's position that defendant willfully failed to file these returns.[1]

Under Counts 6-9 (false claims, wire fraud, and mail fraud), the evidence showed that defendant made false claims for tax refunds in the name of the Jeffrey Allan Kock Trust, using IRS Forms 1041.  The first Form 1041 (for the calendar year 2018) (Govt. Exh. 302) was filed electronically, and the second Form 1041 (for the calendar year 2019) (Govt. Exh. 304) was filed by mail.  These Forms 1041 claimed that defendant's "trust" was entitled to refunds, based largely on fabricated withholding.

Defendant used some of the proceeds to purchase three Mercedes Benz automobiles (*see* Govt. Exh. 501, 502, 503), which provided the basis for the Section

---

[1] Willfulness in the criminal tax context is defined as the "voluntary, intentional violation of a known legal duty," *Cheek v. United States*, 498 U.S. 192, 201 (1991) (citations omitted), and it is often established through circumstantial evidence, *United States v. Gleason*, 726 F.2d 385, 388 (8th Cir. 1984).  Willfulness may be inferred from a pattern of failing to file for consecutive years in which returns should have been filed, *United States v. Greenlee*, 517 F.2d 899, 903 (3d Cir. 1975), and may be demonstrated by questionable compliance with the tax laws in years prior and subsequent to the prosecution period, *United States v. Upton*, 799 F.2d 432, 433 (8th Cir. 1986); *see also United States v. McKee*, 942 F.2d 477, 480 (8th Cir. 1991); *United States v. Lutrell*, 612 F.2d 396 (8th Cir. 1980).  A defendant's past filing and payment history also can demonstrate willfulness.  *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006); *United States v. Bok*, 156 F.3d 157, 165 (2d Cir. 1988); *United States v. Grumba*, 728 F.2d 794, 797 (6th Cir. 1984); *United States v. Francisco*, 614 F.2d 617, 618 (8th Cir. 1980); *United States v. Schiff*, 612 F.2d 73, 77-78 (2d Cir. 1979); *United States v. Karsky*, 610 F.2d 548, 551 (8th Cir. 1979).

1957 money laundering counts (Counts 10-12).[2]   And when the IRS eventually obtained seizure warrants for these vehicles, defendant stated that he "hid" one of them (Trial Tr. 325), providing the basis for defendant's conviction under Count 13.[3] Given the whole of the trial record, there was more than sufficient evidence to sustain the verdicts, and there is no showing that a miscarriage of justice may have occurred. Therefore, defendant's motion for a judgment of acquittal or for a new trial should be denied.

Respectfully submitted,

Richard D. Westphal
Acting United States Attorney

By:    */s/ Andrew H. Kahl*
Andrew H. Kahl
Assistant United States Attorney

U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa  50309
Tel:  (515) 473-9300
Fax:  (515) 473-9292
Email:  Andrew.Kahl@usdoj.gov

---

[2] Defendant also took steps to use these proceeds for the attempted purchase of a multi-million dollar home.  (*See generally* Trial Tr. 527-37.)

[3] That vehicle was eventually recovered after Chief Judge Jarvey entered an order directing defendant to surrender it.  (Exh. 517.)

CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2021, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing    ____Other means

UNITED STATES ATTORNEY

By: _/s/ Dawn Thomas_____
       Paralegal Specialist