IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JEFFREY ALLAN KOCK,<br><br>  Defendant. | **No. 4:21-cr-00054-RGE-SHL**<br><br><br>**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL** |

## I.    INTRODUCTION

Now before the Court is Defendant Jeffrey Allan Kock's Renewed Motion for Judgment of Acquittal and Motion for New Trial. ECF No. 122. A jury found Kock guilty of thirteen counts, including willfully failing to file (Counts 1–5), failing false claims (Counts 6 and 7), wire fraud (Count 8), mail fraud (Count 9), money laundering (Counts 10–12), and concealment of an asset (Count 13). Jury Verdicts, ECF No. 102. Kock moves for judgment of acquittal under Federal Rule of Criminal Procedure 29(c) or, in the alternative, a new trial under Federal Rule of Criminal Procedure 33(a), arguing the evidence was insufficient for a jury to find he committed the offenses charged. ECF No. 122. The Government resists. ECF No. 124. The Court finds the evidence was more than sufficient to support the jury's verdicts. The Court denies Kock's motion.

## II.    LEGAL STANDARD

### A.    Judgment of Acquittal

Under Federal Rule of Criminal Procedure 29(c), a defendant "may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict." A Court must enter a judgment of acquittal if the evidence presented at trial "is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In evaluating the sufficiency of the evidence to sustain a defendant's conviction, the Court "view[s] the evidence in the light most favorable to the guilty verdict, giving

the government the benefit of all reasonable inferences that may be drawn from the evidence." *United States v. Basile*, 109 F.3d 1304, 1310 (8th Cir. 1997). The Court does not assess the credibility of witnesses or weigh the evidence as this task belongs to the jury. *See United States v. Ireland*, 62 F.3d 227, 230 (8th Cir. 1995). "[T]he jury's verdict is not to be lightly overturned." *United States v. Rodriguez-Ramos*, 663 F.3d 356, 361 (8th Cir. 2011) (internal quotation marks and citation omitted). The Court "can overturn the jury's verdict only if a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements." *United States v. Kinshaw*, 71 F.3d 268, 271 (8th Cir. 1995) (internal quotation marks and citation omitted).

B.      **New Trial**

The Court has broad discretion to consider a defendant's motion for new trial. *See United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004). Under Federal Rule of Criminal Procedure 33(a), a court may grant a defendant's request for a new trial "if the interest of justice so requires." The Court must exercise its authority to grant a new trial "sparingly and with caution." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009) (internal quotation marks and citation omitted).

III.    **DISCUSSION**

A.      **Motion for Judgment of Acquittal**

Kock argues the Government put forth insufficient evidence to demonstrate he committed the offenses charged. ECF No. 122 ¶ 5. The Government argues "there was more than sufficient evidence to sustain the verdicts." ECF No. 124 at 4.

A Court will not grant a motion for judgment of acquittal "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Worthey*, 716 F.3d 1107, 1113 (8th Cir. 2013). Here the evidence, viewed in the light most

favorable to the Government, provides more than sufficient support for the jury's guilty verdicts. *See Basile*, 109 F.3d at 1310. Based on the evidence, a rational trier of fact could have found beyond a reasonable doubt Kock willfully failed to file tax returns in calendar years 2014 through 2018, filed false claims in 2018 and 2019, fraudulently used wire communication, fraudulently used mail, laundered money, and concealed an asset. *Cf. Worthey*, 716 F.3d at 1113.

Overwhelming evidence supports the jury's guilty verdicts on each count. Kock is not entitled to judgment of acquittal. The Court denies Kock's motion for judgment of acquittal.

### B.    Motion for New Trial

Kock argues he is entitled to a new trial because the evidence presented by the Government was insufficient and "a new trial is in the interest of justice." ECF No. 122 ¶¶ 5–6. The Government resists, arguing "there was more than sufficient evidence to sustain the verdicts, and there is no showing that a miscarriage of justice may have occurred." ECF No. 124 at 4.

As discussed above, the Government presented substantial evidence supporting the jury's guilty verdicts. Considering all the evidence supporting the jury's guilty verdicts, the Court cannot find "that a miscarriage of justice may have occurred." *McClellon*, 578 F.3d at 857.

Kock is not entitled to a new trial. The Court denies Kock's motion for new trial.

## IV.    CONCLUSION

Viewing the evidence at trial in the light most favorable to the Government, the Court finds the evidence was more than sufficient to support the jury's verdicts. Neither judgment of acquittal nor a new trial is warranted.

Accordingly, **IT IS ORDERED** that Defendant Jeffrey Allan Kock's Motion for Judgment of Acquittal and Motion for New Trial, ECF No. 122, is **DENIED.**

**IT IS SO ORDERED.**

Dated this 23rd day of November, 2021.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

3