UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )        CASE NO. 4:21-cr-54
          Plaintiff,                )
                                    )
     vs.                            )        TRANSCRIPT OF STATUS
                                    )        CONFERENCE PROCEEDINGS
                                    )
JEFFREY ALLAN KOCK,                 )
                                    )
          Defendant.                )
_____

                                    COURTROOM 160, FIRST FLOOR
                                    U.S. COURTHOUSE
                                    123 East Walnut Street
                                    Des Moines, Iowa 50309
                                    Friday, August 27, 2021
                                    10:40 a.m.

BEFORE:  THE HONORABLE REBECCA GOODGAME EBINGER, DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:          ANDREW KAHL
                            DEBRA SCORPINITI
                            United States Attorney's Office
                            U.S. Courthouse Annex
                            110 East Court Avenue, Suite 286
                            Des Moines, IA 50309


For the Defendant:          JEFFREY ALLAN KOCK, PRO SE







                 Chelsey Wheeler, CSR, RPR, FCRR
                    United States Courthouse
                     123 East Walnut Street
                      Des Moines, IA 50309

P R O C E E D I N G S

(In open court with the defendant present.)

THE COURT:  Thank you.  Please be seated.

We are here in the matter of the United States of America versus Jeffrey Allan Kock.

I have heard that's how that's called; is that correct, sir?

THE DEFENDANT:  Kock.

THE COURT:  Kock.  I'm sorry.  Case No. 4:21-cr-54. This is the time and date for a status hearing in this matter. My name is Rebecca Goodgame Ebinger, and I'm the district judge presiding.

If counsel for the Government would identify themselves for purposes of the record.

MR. KAHL:  Andrew Kahl for the United States.

MS. SCORPINITI:  Deb Scorpiniti for the United States.

THE COURT:  And Mr. Kock is here personally present, and he has chosen not to proceed with counsel.

Mr. Kock, is that still your intent?

THE DEFENDANT:  Correct.

THE COURT:  Okay.  We're going to talk today at this status conference about a number of different issues.

And I know that the magistrate judge who initially -- Judge Adams, who initially held the hearing on your ability to proceed pro se, talked with you about the risks and benefits of

that and that ultimately it's your decision with some limitations by the Court under certain circumstances, and I know that Judge Locher, who saw you on the violation of supervision based upon your failure to appear at the last status conference, talked with you about that as well.

Do you recall that, sir?

THE DEFENDANT:  I do recall that, Your Honor.

THE COURT:  Okay.  So right now we are set for trial on September 27 of 2021.  This is a lengthy indictment.  There are 13 counts alleged, and they deal with wire fraud, mail fraud, and money laundering and tax charges for failure to file.

Mr. Kock, have you had the opportunity to review the charging document against you?

THE DEFENDANT:  The charging document, meaning the indictment?

THE COURT:  Yes, sir.

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And, Mr. Kahl, how has the Government been dealing with discovery with Mr. Kock in his pro se capacity?

MR. KAHL:  We have been sending him discovery by mail to the address on Sugar Street.  At one of the earlier proceedings, I think it was the *Faretta* proceeding in front of Judge Adams, we actually handed him about three binders of

discovery, which is the bulk of it.  We have provided him before today with 1829 pages of discovery.  I have an 1830th page to provide to the defendant here this morning.  He refused to accept that from the Government today.

THE COURT:  Okay.  We'll talk about that.

So, Mr. Kock, you have been provided with 1829 pages of discovery materials from the Government; is that correct?

THE DEFENDANT:  I'm not sure.  I didn't count the pages.  I just have three binders.

THE COURT:  Okay.  So a voluminous amount of discovery?

THE DEFENDANT:  Sure.

THE COURT:  Mr. Kahl just indicated to me that you refused discovery this morning; is that correct?

THE DEFENDANT:  That's correct.

THE COURT:  Can you explain that to me?

THE DEFENDANT:  Yes.  My name is misspelled.  Under, I believe, your codes -- actually, I wanted to address that today as well.  Under your codes, 18 U.S.C. 1342, I believe that's a fictitious name.  I can't accept it.

THE COURT:  So discovery materials that are presented here are any materials that are relevant to the charges against you.

THE DEFENDANT:  Uh-huh.

THE COURT:  Whether or not it has your name or someone

else's name or something else, the Government is giving it to you because they're required to give you any evidence that they believe is being used in the case against you.

Is that -- I don't know what the evidence is, but I assume that's the Government's position?

MR. KAHL:  Yes.  The specific discovery this morning is a certificate of record from the IRS.

THE COURT:  So the document that the Government is giving you they're giving you because of the fact they believe it's relevant to this case, and, in fact, they would be in violation of their obligations under federal law if they didn't give you evidence they believe is relevant.

Do you understand that?

THE DEFENDANT:  I comprehend it, but I still felt it was wrong that my name was misspelled, honestly.  I've had people come and tell me, Go file complaints against Mr. Kahl, file grievances, and I didn't think that was right either.  I don't want to do that, so --

THE COURT:  Certainly to file a frivolous complaint against a prosecutor for doing their job is not appropriate.

THE DEFENDANT:  Right.  Right.

THE COURT:  If there are issues with evidence, the time to address that will be prior to trial.  You cannot control the Government's evidence against you by simply refusing to accept it.

Do you understand that?

THE DEFENDANT:  Well, I'm not sure I understand that. Even if my name is spelled wrong?  I --

THE COURT:  Yes.

THE DEFENDANT:  It seems like it's a fictitious name. You know, it's not me.

THE COURT:  So you can argue that to me prior to trial as to whether or not it is admissible as evidence against you under the Federal Rules of Evidence, but for purposes of Rule 16 discovery and the discovery obligations that the Government has, generally speaking, giving it to you at this point is what they are required to do, and you have no grounds to refuse to accept it.

THE DEFENDANT:  Okay.

THE COURT:  Do you understand that?

THE DEFENDANT:  Okay.  Well, yeah.  I don't mean to bring any arguments in here.  That's not my intent.  I didn't think it was right that my name was misspelled.

THE COURT:  And you can raise that issue with the Court as to its admissibility, but you cannot prevent the Government from using or looking at that -- or having you look at that evidence because you don't like it, for whatever reason.

Do you understand that?

THE DEFENDANT:  I comprehend it.  I'm not -- it's

still funny to me.

THE COURT:  Okay.  Whether or not you agree with it, you understand what the Court is saying?

THE DEFENDANT:  I understand what you're saying, yeah.

THE COURT:  Okay.  So at this time I'll instruct Mr. Kahl to provide the document to Mr. Kock.

MR. KAHL:  I will do that.  Thank you, Your Honor.

THE DEFENDANT:  Thank you.

THE COURT:  So the Government has provided to the Court a statement they prepared prior to the last status conference that was scheduled, and I've reviewed that.  And they acknowledge in that document, which is at document No. 36 in the court's record, that they have an ongoing duty to give you materials that they intend to rely upon at trial or that relate to your case.

THE DEFENDANT:  Okay.

THE COURT:  And so Mr. Kahl or Ms. Scorpiniti or someone from their office may contact you with more documents, and you must take those from them.

THE DEFENDANT:  Okay.

THE COURT:  By doing so, you are not acknowledging that they are correct or that they can use them against you.

THE DEFENDANT:  Okay.

THE COURT:  You're just complying with the rules of the Court.  Do you understand that --

THE DEFENDANT: Okay. Sure.

THE COURT: So let's talk about what trial in this case will look like. There are, as I stated, 13 counts. There are kind of four groups of counts, by my understanding and review of the indictment, counts relating to willful failure to file tax returns, counts related to making fraudulent claims for tax refunds, counts regarding money laundering, and a count regarding concealment of an asset arising from the Mercedes-Benz at issue. There's also a forfeiture allegation.

Do you understand those charges against you?

THE DEFENDANT: I'm aware that they exist. I don't agree with them, though.

THE COURT: And I know you have pleaded not guilty to each of those charges, as is your right.

THE DEFENDANT: Well, I don't think I entered a plea. I think it was entered for me.

THE COURT: The records of the court reflect that there is a plea of not guilty on file for you.

THE DEFENDANT: Okay. Okay.

THE COURT: Mr. Kahl, if this matter were to proceed to trial, how long do you think it would take, assuming reasonable cross-examination?

MR. KAHL: We're estimating a three- to five-day trial. Probably closer to the three- to four-day length. We have roughly 20 witnesses identified. Maybe a third of them

are going to be purely custodial witnesses.  We have some folks from the bank.  We have some folks from the IRS who are going to be testifying.  But I would think that everything would be concluded certainly within the one-week period the Court normally has set aside.

THE COURT:  In terms of -- you don't anticipate any in-custody witnesses?

MR. KAHL:  Correct, Your Honor.

THE COURT:  And you don't anticipate having the marshals serve subpoenas for you?

MR. KAHL:  No, Your Honor.

THE COURT:  I received a 404(b) notice in this case that was filed at document 50.  Other than that notice of prior bad acts, any other unusual legal issues that the Government anticipates the Court will need to litigate pretrial?

MR. KAHL:  I don't think so, but, I mean, we may file one or two brief motions in limine.  I mean, particularly along the lines of ensuring that everybody understands that the law comes from the Court.  It doesn't come into evidence during the course of trial.  We would plan to file that at the same time we file our trial brief, consistent with the deadlines the Court has set.

THE COURT:  Okay.  As I noted, this is a voluminous -- there is voluminous discovery here, and there are 13 counts.

Is the Government prepared to try this case on

September 27 of 2021?

MR. KAHL:  We are, Your Honor.

THE COURT:  And I note the plea entry deadline set by the Court expired on the 20th.

Okay.  Mr. Kock, do you recognize that this matter is set for trial on September 27?

THE DEFENDANT:  I understand that, yes, Your Honor.

THE COURT:  And are you prepared to defend this case on September 27?

THE DEFENDANT:  Not quite yet, no.  I was hoping to settle it way in advance.  I made several attempts in several different ways.  That's my intent.

THE COURT:  When you say "settle it," the issue here is because there are charges against you, there are only two options.  There is either a plea of guilty to all of the -- well, there's three options:  A plea of guilty to all of the charges without an agreement from the Government --

THE DEFENDANT:  Okay.

THE COURT:  -- or the Government reaches an agreement with you, a plea agreement, that allows for you to plead guilty to some of the charges and not others for a bargain that you all reach.  I have nothing to do with plea agreements.

THE DEFENDANT:  Okay.

THE COURT:  The only other option is to proceed to trial.

Do you understand that?

THE DEFENDANT:  I'm not sure I understand that.  I was given an indictment of true bill, and the bill needs to get paid; correct?  I mean, there's charges on there.  So I made some attempts to get that taken care of.  I'm not sure that happened.  And then I've got something else that I entered in yesterday that I would like to address today.

THE COURT:  So there's no financial method of resolving this case.

THE DEFENDANT:  Okay.

THE COURT:  This is a criminal case brought against you --

THE DEFENDANT:  Okay.

THE COURT:  -- that an indictment was returned by a grand jury.

THE DEFENDANT:  Okay.

THE COURT:  So there is no settlement in regards to the charges against you other than a plea of guilty resolution of the charges with the Government's consent, as I just described.

THE DEFENDANT:  Uh-huh.

THE COURT:  So that being said, the question is whether you, having chosen to proceed pro se without the assistance of counsel, which I know has been explained to you is very challenging in any circumstance, but in these types of

complicated fraud-type charges will be difficult --

THE DEFENDANT:  Uh-huh.

THE COURT:  -- will you be prepared to defend this case on September 27?

THE DEFENDANT:  I don't know.  I think I'm going to -- I would like to address something else that I put in the record yesterday.  I would like to address that first, actually.

THE COURT:  One moment.

Before we turn to that, Mr. Kahl, noting that the Court has no role in plea negotiations, what is the status of any proposed plea agreement in this case?

MR. KAHL:  We do not anticipate a plea agreement, Your Honor.

THE COURT:  So I have received the document filed at document No. 53 yesterday which is entitled as a Notice to United States Attorney and Abatement citing the various provisions of the United States Code.

THE DEFENDANT:  Correct.

THE COURT:  You want to be heard on that?

THE DEFENDANT:  Yeah.  Actually, would you like me to read it into the record, Your Honor?

THE COURT:  No.  It's in the record of the court.

THE DEFENDANT:  Okay.

THE COURT:  And I have read it.  You do not need to read it into the record.

THE DEFENDANT:  Okay.

THE COURT:  So the manner in which you are proceeding is attempting to disassociate yourself from the identity of Jeffrey Allan Kock; correct?

THE DEFENDANT:  Correct.  The personal property in the indictment, yes.  I have no interest in it.

THE COURT:  So there's no personal property -- well, there is personal property listed in the indictment, but you are not personal property.

THE DEFENDANT:  Okay.

THE COURT:  And so the indictment was alleged against you.

Mr. Kahl, would you like to be heard in regards to the notice to the United States Attorney and Abatement?

MR. KAHL:  No, Your Honor.  Thank you.

THE COURT:  So this document 53 has no bearing on the criminal charges against him, none of the code sections that are cited in that document have any relevance to the proceedings that are currently pending against this defendant, and there is no action this Court can take based upon that filing.  There is no plea of abatement or demand of abatement that would apply here, and there is no further action to be taken on this document or in this matter other than to proceed to trial, consistent with the indictment that's been returned pursuant to the Federal Rules of Criminal Procedure and federal

law generally.

Understanding that, Mr. Kock, this matter is scheduled to proceed to trial on September 27.  The Government has indicated that they are prepared to try this case on September 27.

THE DEFENDANT:  Uh-huh.

THE COURT:  Prior to trial, there will be a number of things that will happen.  The Court has to prepare jury instructions.

THE DEFENDANT:  Uh-huh.

THE COURT:  And the Court typically requires the Government and the defense counsel, when there's counsel, to consult on those jury instructions and prepare them for the Court's consideration.

In this case, Mr. Kahl has indicated that he has been unable to work with you directly on jury instructions.

Is that correct?

THE DEFENDANT:  I'm not sure.  Could you --

THE COURT:  I mean, have you --

Mr. Kahl, would you make a record as to your attempts with regard to jury instructions.

MR. KAHL:  Your Honor, on August 2 I forwarded by email a set of the Government's proposed draft instructions to the defendant at an email address that he has previously communicated with the Government with.  I received no response.

THE DEFENDANT:  Okay.

THE COURT:  So before a trial, a jury is selected. You and Mr. Kahl, on behalf of the Government or the Government's attorneys, will help select that jury.  That jury will then be instructed on the law.

THE DEFENDANT:  Uh-huh.

THE COURT:  I instruct the jury as to the law they are to apply.  I consider the parties' submissions as what they think the law is for me to submit, but ultimately this Court provides the instructions on the law to the jury in every case.

Do you understand that?

THE DEFENDANT:  I think so.

THE COURT:  In this instance, I have an order that requires the Government to consult with the defense and then submit joint proposed jury instructions so that you all talk ahead of time about what those instructions should be, and then you provide that information to the Court.

THE DEFENDANT:  Okay.

THE COURT:  Mr. Kahl, in an attempt to comply with that order, reached out to you with proposed instructions.

THE DEFENDANT:  Okay.

THE COURT:  And he's informed me that you did not respond to that.

THE DEFENDANT:  Okay.

THE COURT:  Is that accurate?

THE DEFENDANT:  It probably is.

THE COURT:  Okay.

THE DEFENDANT:  Yeah.  Yeah.  I don't think I got that, actually.  I have been so consumed with trying to make this go away beforehand that, yeah...

THE COURT:  So the email address that we have on file for you -- I don't have it at my fingertips.

Mr. Kahl, do you know the email address that you sent that to?

MR. KAHL:  I believe it is jakock@ -- I can't remember whether it's gmail --

THE DEFENDANT:  It's gmail.

MR. KAHL:  Yeah.

THE COURT:  And that is your current email address, sir?

THE DEFENDANT:  Yes.  It's probably in the spam folder, honestly.  I'll take a look.

THE COURT:  Okay.  So the issue the Court has is that the Government is trying to comply with its order, and if you do not consult with them --

THE DEFENDANT:  Uh-huh.

THE COURT:  -- they will submit to me the instructions that they believe are appropriate --

THE DEFENDANT:  Okay.

THE COURT:  -- without your input.

THE DEFENDANT:  I see.

THE COURT:  And that's what I will consider.

Do you understand that?

THE DEFENDANT:  Yeah.  I don't want that to happen.

THE COURT:  Okay.  So you need to consult with Mr. Kahl and reply to any submitted proposed instructions.

Do you understand that?

THE DEFENDANT:  Submit to any proposed instructions or --

THE COURT:  No.  Any proposed instructions that he's submitted to you --

THE DEFENDANT:  Okay.

THE COURT:  -- that he's sent to you for your consideration, you need to respond to him.

THE DEFENDANT:  Okay.  I gotcha.

THE COURT:  Mr. Kahl, if the response is not productive, meaning based upon you, as an officer of the Court, understanding what the law is and what the Court is required to instruct, then you have the Court's permission to submit your instructions and then the defense instructions that are submitted after you consult.

Do you understand the Court's instructions?

MR. KAHL:  Yes.

THE COURT:  Do you understand that, Mr. Kock?

THE DEFENDANT:  I believe so.

THE COURT: Okay. In terms of the time required to consider the instructions that have previously been sent to you by the Government, how much time do you need to look at those documents, Mr. Kock?

THE DEFENDANT: Gosh. I'll probably need a few days.

THE COURT: So today is the 27th of August. We're set for trial a month from today.

THE DEFENDANT: Uh-huh.

THE COURT: Why don't we say that you will respond with any appropriate response to Mr. Kahl by Tuesday of next week.

THE DEFENDANT: Okay.

THE COURT: Is that reasonable, sir?

THE DEFENDANT: I can respond as soon as I get home. I'll look for the email. It's probably in the spam folder, like I said, and then I can reach out today.

THE COURT: Okay. So the Court is ordering that you respond to Mr. Kahl no later than close of business on Tuesday of next week, which is the 31st.

Now, one of the instructions the Court will give if you continue to proceed pro se or without the benefit of counsel --

THE DEFENDANT: Uh-huh.

THE COURT: -- will be the model instruction from the Eighth Circuit about Defendant's self-representation.

THE DEFENDANT:  Okay.

THE COURT:  And I'm going to read that to you now so you understand what I'm going to instruct.

THE DEFENDANT:  Okay.

THE COURT:  The defendant, Jeffrey Allan Kock, has decided to represent himself in this trial and not to use the services of a lawyer.  He has a constitutional right to do that.  This decision must not affect your consideration and your decision of whether or not he is guilty or not guilty.

Because Mr. Kock has decided to act as his own lawyer, you will hear him speak at various times during the trial.  He may make an opening statement and closing argument.  He may ask questions of witnesses, make objections, and argue legal issues to the Court.  I want to remind you that when Mr. Kock speaks in these parts of the trial, he is acting as a lawyer in the case and his words are not evidence.  The only evidence in this case comes from the witnesses who testify under oath on the witness stand and from exhibits that are admitted.

You understand that that instruction will be given?

THE DEFENDANT:  I understand that it will be given.

THE COURT:  Okay.  And do you understand that those are the rules that will apply to you?  You will be trying this case on your own, and you will be expected to comply with the Court's orders as to decorum, how you act in the courtroom --

THE DEFENDANT:  Uh-huh.

THE COURT:  -- in terms of the manner in which you address witnesses and in terms of the rules of evidence and the rules of criminal procedure.

Do you understand that, sir?

THE DEFENDANT:  I believe so.

THE COURT:  Okay.  Understanding that, do you believe that it is in your own best interest to represent yourself at trial?

THE DEFENDANT:  Well, I still maintain that under Corpus Juris Secundum, Volume 7, Section 4, an attorney's first duty is to the Court and to the client last, and if I take on an attorney, it makes me a ward of the Court and, therefore, incompetent; correct?

THE COURT:  No.

THE DEFENDANT:  How so?

THE COURT:  So I will not respond to that --

THE DEFENDANT:  Okay.

THE COURT:  -- particular line of argument.

THE DEFENDANT:  Okay.

THE COURT:  What I will say to you is you have a constitutional right to an attorney to represent you.

THE DEFENDANT:  Uh-huh.

THE COURT:  You are a citizen of the United States, and even if you weren't a citizen of the United States, you would have the right to an attorney to represent you.

THE DEFENDANT:  Okay.

THE COURT:  You also have the right to represent yourself.  Whether or not you make the decision to represent yourself --

THE DEFENDANT:  Uh-huh.

THE COURT:  -- or to have someone else represent you, has no bearing on the charges against you or your competency --

THE DEFENDANT:  Okay.

THE COURT:  -- so long as you are competent to make the decision whether or not to have either self-representation or attorney representation under the *Farreta* decision, and that has already been -- a hearing has already been held in that regard with Judge Adams.

THE DEFENDANT:  Uh-huh.

THE COURT:  So you just suggested to me in your comments that it would make you incompetent if you had an attorney, and that is simply not true.

THE DEFENDANT:  Uh-huh.

THE COURT:  It would provide you with the expert assistance of someone trained in the law to analyze the legal issues, consider the facts that the Government has marshaled against you --

THE DEFENDANT:  Uh-huh.

THE COURT:  -- and provide a sound trial strategy. That would be what would happen if you had an attorney.

So my question for you is:  Understanding that these are the obligations that you are going to have at the time of trial, whether or not you believe it is in your own best interest to proceed without counsel.

THE DEFENDANT:  I think I'll consider it, but I don't want to make a decision right now.

THE COURT:  My review of the materials from the status conference -- it wasn't a status conference -- from the hearing in front of Judge Locher recently was that was a similar sentiment that you expressed at that time.

THE DEFENDANT:  I believe I told him I would reconsider, but I still have concerns about -- well, I think Mr. Kahl is a bar member.  I believe you're a bar member; correct?  And any attorney that would be appointed to me would be a bar member, and it puts you guys all on the same team.  It terrifies me, to be honest.

THE COURT:  So let's talk about that.

THE DEFENDANT:  Okay.

THE COURT:  So the Iowa State Bar is an organization, to the extent that it's an organization, but it really is just a standard that is ultimately supervised by the Iowa Supreme Court, and the Iowa Supreme Court says whether or not someone is qualified to be an attorney in Iowa.  That standard applies whether you are a judge, a prosecutor, a defense attorney, an attorney for a company, or an attorney representing individuals

in divorces or a property line dispute.  And it isn't a team.

In every case in every court, whether state or federal, in Iowa -- although there are some attorneys who are not barred in Iowa who appear in federal court, and they have other bar qualifications that allow them to appear here -- in every case there will be a member of the bar representing the plaintiff or the Government and a member of the bar representing the defense, and there will be a member of the bar as a judge.

And that's because the standards that govern our conduct, the rules of professional conduct for attorneys, the judicial conduct requirements either of Iowa -- under Iowa law or federal law for judges, apply to attorneys who have reached the status of attorney because they have passed a bar.  And they maintain in good standing by taking regular education -- continuing legal education.

So the concept of one team is inaccurate.  There is no one monolithic team of attorneys.  There are standards that govern everyone who practices law, and they, under those standards, are required to zealously represent the clients that they work with.  And there are standards of conduct that govern every judge, state or federal, that require us to be independent and to not have a bias in favor of one side or the other.  And those are the standards of conduct that would apply to this Court, to the prosecutor, and to any defense attorney

that would appear in this case.

Do you understand that, sir?

THE DEFENDANT:  I hear what you're saying.  I still don't think it's in my best interest to take representation.

THE COURT:  Okay.  And you've said you would consider that.  The important thing to understand is that this matter is set for trial --

THE DEFENDANT:  Okay.

THE COURT:  -- and I have not received a motion to continue from the defense.  You have indicated that the only thing preventing you from proceeding to trial on the 27th is the fact that you want to resolve this short of trial.  I have explained to you that the manner in which you have attempted to resolve this through this document at 53 is unavailable, and I have explained to you the only way that this case will be resolved will be either through resolution with the Government through a plea agreement, which the Government said is not forthcoming, or your acceptance of responsibility of these through a plea of guilty to all of the charges.

Other than that or some legal grounds that have not been put forth in terms of the validity of the charging --

THE DEFENDANT:  Okay.

THE COURT:  -- instrument in this case, this matter will proceed to trial in front of a jury, consistent with the rules of criminal procedure and the United States Constitution.

THE COURT:  Is that the United States of America Constitution?

THE COURT:  Yes.

THE DEFENDANT:  Okay.

THE COURT:  Mr. Kahl, are there any other matters that you need to bring to my attention at this time?

MR. KAHL:  I had a couple of more logistical questions for the Court.  In particular, I was wondering how jury selection was going to be handled.  With the COVID -- I know we're still four weeks out, so that can change, but what COVID protocols the Court expected to be using.

THE COURT:  So by this trial, I will have had two other trials in the current Delta variant world.  It is my intent at this time to have -- first off, we're going to try the case in the historic courtroom, so it's bigger.  We won't use this courtroom.

We will have distancing in terms of the tables in the well.  We will have distancing in terms of the venire members present for jury selection.  It is my intent at this point to have the potential jurors spread out in the well and into the gallery in one group with individuals not 6 feet apart but spread out in some distance.

I would be willing to hear requests from the parties -- and I'm going to raise this with all of counsel and parties in the trials that are coming up -- whether or not to

require mask wearing.  Right now, as you know, the order of this Court is that any individual who is vaccinated does not have to wear a mask.  If you are unvaccinated, you are required to wear a mask, but there has been no effort -- or there will be no effort to confirm that status.

Now, with that administrative order, each judge is allowed to require mask wearing within their own courtrooms or during their own proceedings.  At this point I have not chosen to reinstitute a mask mandate for my trials, but I will look at the data closer to trial and consider the positions of the parties about whether or not that is prudent to do.

Regardless of whether or not masks are mandated, they will be allowed.  So anyone in the courtroom who wishes to wear a mask will be allowed to wear a mask except for witnesses while testifying, and those individuals will be offered a face shield so that you can still see their faces while testifying, and jurors while answering questions as to their fitness for service.  Those individuals will be allowed to wear masks except for when they are actually speaking to the parties.

Any other questions in that regard?

MR. KAHL:  No.  Thank you, Your Honor.  That's helpful.

THE COURT:  Anything else that you wanted to address with the Court?

MR. KAHL:  No, Your Honor.  Thank you.

THE COURT:  So, Mr. Kock, we have talked about a lot of things here today.  I would remind you that there is an order in effect, the trial scheduling order, that puts some burdens upon you.  We talked about one of them today in regards to the jury instructions, but there are also things like witness lists and exhibit lists and trial briefs that are covered in that order, and you must comply with that court order.  That is set forth at document No. 30, and that includes all of the pertinent deadlines associated with this case.

You understand that you'll continue to be required to comply with the Court's orders in regards to preparation for trial?

THE DEFENDANT:  Regarding document 30; correct?

THE COURT:  Well, regarding everything.

THE DEFENDANT:  Oh, sure.

THE COURT:  But I was simply highlighting that for you so you can see what the deadlines are for your obligations related to trial.

THE DEFENDANT:  Okay.

THE COURT:  All of the Court's orders are in full force and effect, but I highlighted that for you so you could be sure to go back and look at it so you don't miss those deadlines.

Anything else you need to bring to my attention at this time, Mr. Kock?

THE DEFENDANT:  I have assigned -- going back to my plea and abatement, I have assigned all title interests, et cetera, to the Attorney General of Iowa, so he'll be getting that.  And I just want to state that I am the beneficial owner of the name in proper, capital J, lower case e-f-f-r-e-y, capital A, lower case l-l-a-n, capital K, lower case o-c-k, which I have brought here today, an authenticated copy.  But I needed the Court to know that, so I have no interest in that all capital name at all.

THE COURT:  Mr. Kahl, any responsive argument or record for the Court as in regards to the significance of the capitalization of Mr. Kock's name in the charging document?

MR. KAHL:  The Government's view is that has no bearing on the case, Your Honor.

THE COURT:  And the Court is aware of no legal authority that would support any grounds for dismissal or other action based upon are the capitalization of the defendant's name in the caption of the indictment on file.  I also am aware of no role of the Attorney General of Iowa in this matter.

Anything further, Mr. Kock?

THE DEFENDANT:  No.  I just wanted to get that on the record.

THE COURT:  So, Mr. Kock, Judge Locher has talked to you about this, Judge Adams has talked to you about this, I have now talked to you about this:  This is a case where there

are serious potential consequences for you --

THE DEFENDANT:  Uh-huh.

THE COURT:  -- at trial.  There are 13 counts against you.

THE DEFENDANT:  Uh-huh.

THE COURT:  You are choosing to represent yourself, and the Court has determined that you are competent to make that choice.

THE DEFENDANT:  Okay.

THE COURT:  It is a difficult thing --

THE DEFENDANT:  Uh-huh.

THE COURT:  -- to try a criminal case.

THE DEFENDANT:  Right.  I'm going to make some mistakes.

THE COURT:  It's difficult for attorneys.  It is incredibly challenging for a layperson to do so because you are held to the same standard.

THE DEFENDANT:  Uh-huh.

THE COURT:  And I hope that you fully contemplate the challenges that you are going to undertake.

THE DEFENDANT:  Well, I'm not sure I do.  I have no experience in this, but I think it's in my best interest to try.

THE COURT:  With that --

THE DEFENDANT:  I mean, I'm still not giving up making

this thing go away.  I'm sorry.  I have to keep on trying to make this go away.  That's my intent.  I want this gone.

THE COURT:  I have read all of the filings that you have put forth, Mr. Kock.

THE DEFENDANT:  Okay.

THE COURT:  And I have found no legal basis for any of the arguments that you have raised --

THE DEFENDANT:  Uh-huh.

THE COURT:  -- to, quote, make it go away.

THE DEFENDANT:  I don't know if I had any arguments.

THE COURT:  Each one of your documents sets forth the reasoning that you --

THE DEFENDANT:  Is that considered an argument, then?

THE COURT:  Yes.

THE DEFENDANT:  Oh, okay.  Okay.

THE COURT:  -- the reasoning why you think this matter should, as you state, go away.  And having found no legal ground to do so, the Court has declined your motions to dismiss and the other filings that you have submitted in this case, and you should be prepared to proceed to trial on September 27.

THE DEFENDANT:  What's the last day that I can put in for a continuance?

THE COURT:  Well, that is not the manner in which you should be thinking about this.

THE DEFENDANT:  Okay.

THE COURT: Because the Court and the Government will be expending their efforts to prepare for trial.

THE DEFENDANT: Oh, sure.

THE COURT: So it's not a matter of when is the last day you can move for a continuance. What you should be thinking about is assessing this yourself and how soon can you make that decision.

That being said, the Court will consider motions that are filed prior to the deadlines that are set forth in the final pretrial order in terms of trial briefs and motions in limine and exhibits and witness lists and jury instructions so that the Government doesn't unwarrantedly expend their efforts preparing for a trial that isn't going to actually occur on September 27.

Do you understand that?

THE DEFENDANT: Yeah. Is it still possible to get a continuance, I mean, if I need a little bit more time? I mean, I have a record I was creating, but I was optimistic that I could take another route.

THE COURT: Well, are you moving for a continuance at this time?

THE DEFENDANT: Is it possible?

THE COURT: Yes.

THE DEFENDANT: Okay. Yeah. I would love a continuance, then.

THE COURT:  I have asked you multiple times if you're going to be prepared to try this case on September 27.

THE DEFENDANT:  Okay.  Well, we discussed some other things in there, so I took that into account.  But, yeah, if I could get some more time, that would be great.

THE COURT:  Mr. Kahl, what's the Government's position on a motion to continue?

MR. KAHL:  The Government would resist a further continuance of the trial date.  We discussed the question of the trial date and how much time was needed to prepare when the motion to continue was presented to Judge Adams.  I had some communications with Mr. Kock then after.  I recall suggesting to him 30, 60, or 90 days.  He suggested that 90 days for that continuance would be appropriate and adequate.

We have our witnesses under subpoena.  We have the time set aside.  We have been in the process of preparing for trial.  We think there's been adequate time to prepare and would resist any movement of the trial date.

THE COURT:  So the Court, generally speaking, grants -- and the magistrate judges know this -- grants one meaningful continuance in a matter of trial, and that's because the parties have the opportunity to talk to each other and come up with a plan for how the matter will proceed to trial.

During the course of this hearing, Mr. Kock, you have indicated that you have received the voluminous discovery and

that you have been -- you have had the opportunity to review that and that your efforts have been directed towards, quote, making this go away.

THE DEFENDANT:  Uh-huh.  Yeah.  Settlement, yeah.

THE COURT:  I have explained to you that the course of conduct that you prefer, the settlement in the manner of a civil case, is not available to you --

THE DEFENDANT:  Okay.

THE COURT:  -- and that this matter is set for trial on the 27th.  It has been set for trial since the motion to continue was granted and has been -- and the discovery has been provided to you in a timely way.

You have not provided any good cause here today for a motion to continue, and so the Court denies your motion to continue trial --

THE DEFENDANT:  Okay.

THE COURT:  -- at this time.

THE DEFENDANT:  Okay.

THE COURT:  You should, again, continue to reflect upon the benefits of counsel and reflect upon the -- and review your continuing obligations to abide by the orders of the Court and comply with all deadlines set forth in the pretrial order and otherwise indicated in this case.

THE DEFENDANT:  Okay.

THE COURT:  Thank you, Mr. Kock.

THE DEFENDANT:  Thank you.

THE COURT:  That will conclude the hearing.

(The status conference concluded at 11:26 a.m.)

CERTIFICATE

I, Chelsey Wheeler, a Certified Shorthand Reporter of the State of Iowa and Federal Official Realtime Court Reporter in and for the United States District Court for the Southern District of Iowa, do hereby certify, pursuant to Title 28, United States Code, Section 753, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-titled matter and that the transcript page format is in conformance with the regulation of the Judicial Conference of the United States.

DATED this 6th day of September 2022.


/s/*Chelsey Wheeler*

Chelsey Wheeler
Certified Shorthand Reporter